IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tammy Rene Millmine as Personal | ) | C/A NO.  3:10-1595-CMC |
| Representative of the Estate of Billy Frank | ) | |
| Cornett, Jr., and in her individual capacity, | ) | **OPINION and ORDER** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Major James Harris, Lt. Kevin Jones, | ) | |
| Sgt. Sheralet Taylor, C/O Mary McElveen, | ) | |
| C/O Farrish Anderson, John Doe Lexington | ) | |
| Correctional Officers 1-5, Cassandra | ) | |
| Means, individually and in their official | ) | |
| capacities, and Prison Health Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendant Prison Health Services, Inc.'s (PHS) motion to dismiss.  PHS has moved for dismissal with prejudice under Federal Rule of Civil Procedure 12, contending that Plaintiff's failure to comply with the requirements of South Carolina Code § 15-79-125 is fatal to her action.  Plaintiff has responded in opposition, arguing that the pre-suit requirements of § 15-79-125 are rules which apply only in state court.  For the reasons set forth below, the court grants Defendant's motion but dismisses PHS without prejudice.

FRCP 12(b)(6) governs motions asserting a "failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

Plaintiff's state law claims against PHS are pending in this court pursuant to the court's supplemental jurisdiction.[1]  28 U.S.C. § 1367.  The issue before the undersigned is whether the South Carolina statute which requires certain actions be completed before suit may be brought in state court is applicable to this action.

Plaintiff did not plead her state law claim as a claim for medical malpractice under the South Carolina statutes governing negligence claims brought against medical providers.  *See* S.C. Code Ann. § 15-79-125 (governing claims for medical malpractice) and § 15-36-100 (governing other claims for professional negligence).  However, when a negligence claim arises from injuries resulting from negligent medical treatment, the action is one for medical malpractice.  Indeed, Plaintiff does not dispute PHS's characterization of the negligence claims as being medical malpractice, as she argues that "PHS had a nondelegable duty to provide for the care of the Plaintiff's decedent."  Pl.'s Opp. at 5 (Dkt. # 20, filed Aug. 27, 2010).  PHS's only presence at the Lexington County Detention Center (LCDC) was to provide medical care for its inmates.

Beginning in 2005, all plaintiffs asserting medical malpractice claims are required, under the South Carolina statute, to comply with a specific notice requirement, and pre-filing mediation.[2]  The

---

[1]In a previously-filed suit, Plaintiff brought claims against PHS under 42 U.S.C. § 1983. These claims were dismissed with prejudice by Order filed January 20, 2011.  *See Millmine v. Lexington County, et al.*, D.S.C. Civil Action No. 3:09-1644-CMC.

[2]"(A) Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15-36-100, in a county in which venue would be proper for filing or initiating the civil action. The notice must name all adverse parties as defendants, must contain a short and plain statement of the facts showing that the party filing the notice is entitled to relief, must be signed by the plaintiff or by his attorney, and must include any standard interrogatories or similar disclosures required by the South Carolina Rules of Civil Procedure. Filing the Notice of Intent to File Suit tolls all applicable statutes of limitations. The Notice of Intent

2

question is whether these pre-suit requirements are procedural or substantive law, and whether the

federal or the applicable state law should apply.

---

to File Suit must be served upon all named defendants in accordance with the service rules for a summons and complaint outlined in the South Carolina Rules of Civil Procedure.

(B) After the Notice of Intent to File Suit is filed and served, all named parties may subpoena medical records and other documents potentially related to the medical malpractice claim pursuant to the rules governing the service and enforcement of subpoenas outlined in the South Carolina Rules of Civil Procedure. Upon leave of court, the named parties also may take depositions pursuant to the rules governing discovery outlined in the South Carolina Rules of Civil Procedure.

(C) Within ninety days and no later than one hundred twenty days from the service of the Notice of Intent to File Suit, the parties shall participate in a mediation conference unless an extension for no more than sixty days is granted by the court based upon a finding of good cause. Unless inconsistent with this section, the Circuit Court Alternative Dispute Resolution Rules in effect at the time of the mediation conference for all or any part of the State shall govern the mediation process, including compensation of the mediator and payment of the fees and expenses of the mediation conference. The parties otherwise are responsible for their own expenses related to mediation pursuant to this section.

(D) The circuit court has jurisdiction to enforce the provisions of this section.

(E) If the matter cannot be resolved through mediation, the plaintiff may initiate the civil action by filing a summons and complaint pursuant to the South Carolina Rules of Civil Procedure. The action must be filed:

(1) within sixty days after the mediator determines that the mediation is not viable, that an impasse exists, or that the mediation should end; or

(2) prior to expiration of the statute of limitations, whichever is later.

(F) Participation in the prelitigation mediation pursuant to this section does not alter or eliminate any obligation of the parties to participate in alternative dispute resolution after the civil action is initiated. However, there is no requirement for participation in more than one alternative dispute resolution forum following the filing of a summons and complaint to initiate a civil action in the matter.

S.C. Code Ann. § 15-79-125.

In *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the United States Supreme Court held that federal courts must apply state substantive law and federal procedural law when sitting in diversity or in pendent jurisdiction cases. The Supreme Court has held that *Erie* principles apply to state law claims in the same manner in pendent jurisdiction cases as they do in diversity jurisdiction cases. *Felder v. Casey*, 487 U.S. 131, 151 (1988). Under *Erie*, if S.C. Code § 15-79-125 is considered substantive law, South Carolina law applies; however, if that statute is considered procedural, then federal procedural rules apply. In determining whether a rule of law is substantive or procedural, the Supreme Court explained in *Hanna v. Plumer* that

> The question is not whether a [state rule or statute] is deemed a matter of 'procedure' in some sence [sic]. The question is . . . does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court?

380 U.S. 460, 466 (1965) (quoting *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109 (1945)). This test must be applied with consideration of the two aims of the *Erie* doctrine: the discouragement of forum shopping and the avoidance of equitable administration of the law.

The South Carolina Code sections relating to professional negligence claims are the substantive law of South Carolina. *See Rotureau v. Chaplin*, 2009 WL 5195968 at * 6 (D.S.C. 2009) (unpublished) ("Section 15-36-100 is part of the substantive law of South Carolina and is applicable in the case before the court."). To not apply the requirements of S.C. Code § 15-79-125 would not only encourage forum shopping, but would "disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court[.]" *Hanna*, 380 U.S. at 466.

Defendant PHS's motion to dismiss granted.  Defendant PHS is dismissed without prejudice.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 31, 2011

---

[3]By virtue of the granting of this motion, PHS's motion to strike (Dkt. # 31) is **moot**.

5